## CIRCUIT COURT OF THE CITY OF RICHMOND

Joseph L. Porter

v.

Thomas T. Bass and
Medical College
of Virginia Hospitals

October 6, 1993

Case No. LW-2160-4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on plaintiff's petition for a reduction in a medical lien pursuant to Va. Code § 8.01–66.9. Specifically, plaintiff asks that the lien of the Medical College of Virginia be reduced from $67,687.37 to $22,285.00.

The incident giving rise to MCV's lien is an automobile accident which occurred in December, 1992. Plaintiff was a passenger in a car driven by Thomas Bass. Both plaintiff and Bass had been drinking, and a substantial defense of assumption of risk and/or contributory negligence will be raised if the case is not settled. Bass's insurance company has offered $75,000.00 to settle plaintiff's case, $25,000.00 less than the limits of its coverage. The insurer points to the previously-mentioned defenses as reasons for not offering its coverage limits, and plaintiff and his attorney believe that the offer should be accepted.

In addition to MCV's bills, MCV Associated Physicians rendered a bill to plaintiff in the amount of $10,586.00 but has agreed to accept 25%, or $2,646.50, in full payment of its bill. Plaintiff's lawyer, who has a one-third contingency-fee arrangement with the plaintiff, has agreed to reduce his fee to 25%, or $18,750.00. Even with these reductions, however, plaintiff will receive no net recovery unless MCV's lien is reduced, and the Commonwealth, in fact, does not argue against some reduction. The Commonwealth does take issue, however, with the amount by which plaintiff seeks to reduce MCV's lien.

Obviously, some reduction in MCV's lien is appropriate. Indeed, without a reduction, plaintiff has no incentive to settle his case at all, since he will get nothing out of it. It would, therefore, make sense for him to reject the settlement and take his chances with a jury. Because of the substantial defenses already discussed, however, there is a real possibility that he could lose, meaning not only that he would receive nothing from his suit, but that MCV and MCV Associated Physicians would receive nothing as well. Accordingly, it is in everyone's best interests for the court to facilitate a settlement by making some reduction in MCV's lien.

While the General Assembly has given circuit courts authority to reduce liens in cases such as this, the courts have been given no guidance on how to determine how much of a lien to reduce. There are no tables or formulas which this court can go to in deciding how much of MCV's lien to reduce or whether to further reduce the liens of MCV Associated Physicians and/or plaintiff's attorney. The court will, however, make the following reductions.

First, MCV Associated Physicians' lien will be reduced to $2,646.50, in accordance with its agreement. In light of that agreement and in light of the small amount of the remaining balance, no further reduction is warranted. Moreover, both the plaintiff and the Commonwealth agree that Associated Physicians' lien should not be further reduced.

Next, plaintiff's attorney's lien will be reduced to $18,750.00, which is 25% of the settlement amount and which is the amount plaintiff's attorney indicated he is willing to accept in full payment of his fee. No further reduction is appropriate for at least three reasons. First, plaintiff's attorney should be rewarded for obtaining a fairly substantial recovery in a case in which liability is so questionable. Second, without a settlement, it is possible that MCV would recover nothing at all. Reducing plaintiff's lawyer's fee further would ignore this secondary benefit his efforts have bestowed on the Commonwealth. Finally, plaintiffs' lawyers in contingent-fee cases generally must be rewarded when they win or obtain settlement since they receive nothing at all when they lose. Further reducing the lawyer's fee here would be contrary to that general principle.

Finally, MCV's lien will be reduced to $33,843.68, or 50% of the current amount. While there is no magic in this figure, the court has arrived at it after considering the injuries to the plaintiff, his involve-

ment in the events leading to the accident, specifically his drinking with the defendant, the reductions in the other liens involved, the fact that the Commonwealth did not have to pay a lawyer to collect its bill, and the original amount of MCV's bill. After considering all of these things, the court feels that allowing the Commonwealth to receive one-half of its bill, while still allowing the plaintiff to receive a net recovery of almost $20,000.00, is the fairest way to address the competing interests involved. Accordingly, the three liens are reduced as follows:

| | *Lien Allowed* |
| --- | --- |
| Jay Tronfeld, Esq. | $18,750.00 |
| MCV Hospital | 33,843.68 |
| MCV Associated Physicians | 2,646.50 |
| | $55,240.18 |

This leaves plaintiff with $19,759.82.